UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

SALLY RATIGAN,                                         Case No.: 23-cv-5991-KPF

                        Plaintiff,

                                                  **CONFIDENTIALITY STIPULATION**
      v.                                                **AND PROTECTIVE ORDER**

GINA CONDUIT, individually, and
MAINLINE DESIGN ASSOCIATES, LLC,
a Pennsylvania limited liability company,

                        Defendants.
-------------------------------------------------------------X

      WHEREAS, the parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

      ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

      1.     Counsel for any party may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret, or otherwise sensitive non-public information ("Confidential Information"). Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL."

      2.     The Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the action.

      3.     In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Information.

      4.     As used herein:

           (a)     "Confidential Information" shall mean all Documents and Testimony, and all information contained therein, and other information designated as confidential, if such Documents or Testimony contain trade secrets, proprietary business information, competitively sensitive information or other information the disclosure of which would, in the good faith judgment of the Party or, as appropriate, non-party designating the material as confidential, be

detrimental to the conduct of that Party's or non-party's business or the business of any of that Party's or non-party's customers or clients.

(b) "Producing Party" shall mean the parties to this action and any non-parties producing "Confidential Information" in connection with depositions, document production or otherwise, or the Party or non-party asserting the confidentiality privilege, as the case may be.

(c) "Receiving Party" shall mean the Parties to this action and/or any non-party receiving "Confidential Information" in connection with depositions, document production, subpoenas or otherwise.

5. Except with the prior written consent of the Producing Party or by Order of the Court, Confidential Information shall not be furnished, shown or disclosed to any person or entity except to:

(a) Parties and personnel of the Parties actually engaged in assisting in the preparation of this action for trial or other proceeding herein and who have been advised of their obligations hereunder;

(b) counsel for the Parties to this action and their associated attorneys, paralegals and other professional and non-professional personnel (including support staff and outside copying services) who are directly assisting such counsel in the preparation of this action for trial or other proceeding herein, are under the supervision or control of such counsel, and who have been advised by such counsel of their obligations hereunder;

(c) expert witnesses or consultants retained by the Parties or their counsel to furnish technical or expert services in connection with this action or to give testimony with respect to the subject matter of this action at the trial of this action or other proceeding herein; provided, however, that such Confidential Information is furnished, shown or disclosed in accordance with paragraph 7 hereof;

(d) the Court and court personnel, including discovery master, special master, and/or a Mediator;

(e) an officer before whom a deposition is taken, including stenographic reporters and any necessary secretarial, clerical or other personnel of such officer;

(f) trial and deposition witnesses, if furnished, shown or disclosed in accordance with

paragraphs 9 and 10, respectively, hereof; and

(g) any other person agreed to by the Producing Party.

6. Prior to disclosing or displaying the Confidential Information to any person, counsel must:

      a.     Inform the person of the confidential nature of the information or documents;

      b.     Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

      c.     Require each such person to sign an agreement to be bound by this Order in the form attached as Exhibit A.

7.     The disclosure of a document or information without designating it as "CONFIDENTIAL" shall not constitute a waiver of the right to designate such document or information as Confidential Information. If so designated, the document or information shall thereafter be treated as Confidential Information subject to all the terms of this Stipulation and Order.

8.     Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure.

9.     Pursuant to Federal Rule of Evidence 502, the production of privileged or work product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

10.     Notwithstanding the designation of information as "CONFIDENTIAL" in discovery, there is no presumption that such information shall be filed with the Court under seal. The parties shall follow the Court's procedures for requests for filing under seal.

11.     At the conclusion of litigation, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

12.     Nothing herein shall preclude each party from advising another of the need to "claw-back" confidential information that was disclosed in error by complying with paragraph IX of the Joint Discovery (ESI) Stipulation and Order.

13.     The Receiving Party may, at any time, notify the Producing Party that the Receiving Party does not concur in the designation of a document or other material as Confidential

Information. If the Producing Party does not agree to declassify such document or material within seven (7) days of the written request, the Receiving Party may move before the Court for an order declassifying those documents or materials. If no such motion is filed, such documents or materials shall continue to be treated as Confidential Information. If such motion is filed, the documents or other materials shall be deemed Confidential Information unless and until the Court rules otherwise. Notwithstanding anything herein to the contrary, the Producing Party bears the burden of establishing the propriety of its designation of documents or information as Confidential Information.

14. Confidential Information shall lose its status, inasmuch as any Party has any document or information that either (i) is or becomes generally or publicly available without being disclosed by the Receiving Party in breach of this Confidentiality Stipulation and Protective Order; (ii) was independently developed by such Party without violating its obligations hereunder; (iii) the Producing Party notifies the Receiving Party in writing that such information is no longer confidential; or (iv) it is determined by a court of competent jurisdiction that such information shall not be entitled to the protections of this Stipulation.

15. Confidential Information shall be utilized by the Receiving Party and its counsel only for purposes of this litigation and for no other purposes.

16. Before any disclosure of Confidential Information is made to an expert witness or consultant pursuant to paragraph 5(c) hereof, counsel for the Receiving Party making such disclosure shall provide to the expert witness or consultant a copy of this Stipulation and obtain the expert's or consultant's written agreement, in the form of Exhibit A attached hereto, to comply with and be bound by its terms. Counsel for the Receiving Party obtaining the certificate shall supply a copy to counsel for the other Parties at the time designated for expert disclosure, except that any certificate signed by an expert or consultant who is not expected to be called as a witness at trial is not required to be supplied.

17. All depositions shall presumptively be treated as Confidential Information and subject to this Stipulation during the deposition and for a period of fifteen (15) days after a transcript of said deposition is received by counsel for each of the Parties. At or before the end of such fifteen day period, the deposition shall be classified appropriately.

18. Should the need arise for any Party or, as appropriate, non-party, to disclose Confidential Information during any hearing or trial before the Court, including through argument or the presentation of evidence, such Party or, as appropriate, non-party may do so only after taking such steps as the Court, upon motion of the Producing Party, shall deem necessary to preserve the confidentiality of such Confidential Information.

19. This Stipulation shall not preclude counsel for any Party from using during any deposition in this action any Documents or Testimony which has been designated as "Confidential Information" under the terms hereof. Any deposition witness who is given access to Confidential Information shall, prior thereto, be provided with a copy of this Stipulation and shall execute a written agreement, in the form of Exhibit A attached hereto, to comply with and be bound by its terms, however, nothing herein shall preclude a witness from reviewing his or her own deposition

transcript. Counsel for the Party obtaining the certificate shall supply a copy to counsel for the other Parties and, as appropriate, a non-party that is a Producing Party. In the event that, upon being presented with a copy of the Stipulation, a witness refuses to execute the agreement to be bound by this Stipulation, the Court shall, upon application, enter an order directing the witness's compliance with the Stipulation.

20. A Party may designate as Confidential Information subject to this Stipulation any document, information, or deposition testimony produced or given by any non-party to this case, or any portion thereof. In the case of Documents, produced by a non-party, designation shall be made by notifying all counsel in writing of those documents which are to be stamped and treated as such at any time up to fifteen (15) days after actual receipt of copies of those documents by counsel for the Party asserting the confidentiality privilege. In the case of deposition Testimony, designation shall be made by notifying all counsel in writing of those portions which are to be stamped or otherwise treated as such at any time up to fifteen (15) days after the transcript is received by counsel for the Party (or, as appropriate, non-party) asserting the confidentiality. Prior to the expiration of such fifteen (15) day period (or until a designation is made by counsel, if such a designation is made in a shorter period of time), all such Documents and Testimony shall be treated as Confidential Information.

21. Any document or information that may contain Confidential Information that has been inadvertently produced without identification as to its "confidential" nature as provided in paragraphs 2 and/or 11 of this Stipulation, may be so designated by the party asserting the confidentiality privilege by written notice to the undersigned counsel for the Receiving Party identifying the document or information as "confidential" within a reasonable time following the discovery that the document or information has been produced without such designation.

22. Extracts and summaries of Confidential Information shall also be treated as confidential in accordance with the provisions of this Stipulation.

23. The production or disclosure of Confidential Information shall in no way constitute a waiver of each Producing Party's right to object to the production or disclosure of other information in this action or in any other action. Nothing in this Stipulation shall operate as an admission by any Party or non-party that any particular document or information is, or is not, confidential. Failure to challenge a Confidential Information designation shall not preclude a subsequent challenge thereto.

24. This Stipulation is entered into without prejudice to the right of any Party or non-party to seek relief from, or modification of, this Stipulation or any provisions thereof by properly noticed motion to the Court or to challenge any designation of confidentiality as inappropriate under the Federal Rules or other applicable law.

25. This Stipulation shall continue to be binding after the conclusion of this litigation except that there shall be no restriction on documents that are used as exhibits in Court (unless such exhibits were filed under seal); and (b) that a Receiving Party may seek the written permission of the Producing Party or further order of the Court with respect to dissolution or modification of

the Stipulation. The provisions of this Stipulation shall, absent prior written consent of the parties, continue to be binding after the conclusion of this action.

26. Nothing herein shall be deemed to waive any privilege recognized by law, or shall be deemed an admission as to the admissibility in evidence of any facts or documents revealed in the course of disclosure.

27. If a Receiving Party is called upon to produce Confidential Information in order to comply with a court order, subpoena, or other direction by a court, administrative agency, or legislative body, the Receiving Party from which the Confidential Information is sought shall (a) give written notice by overnight mail and either email or facsimile to the counsel for the Producing Party within five (5) business days of receipt of such order, subpoena, or direction, and (b) give the Producing Party five (5) business days to object to the production of such Confidential Information, if the Producing Party so desires. Notwithstanding the foregoing, nothing in this paragraph shall be construed as requiring any party to this Stipulation to subject itself to any penalties for noncompliance with any court order, subpoena, or other direction by a court, administrative agency, or legislative body.

28. This Stipulation may be changed by further order of this Court, and is without prejudice to the rights of a Party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information.

29. This Stipulation may be signed in counterparts, which, when fully executed, shall constitute a single original, and electronic signatures shall be deemed original signatures.

*M. Salman Ravala*

_____
M. Salman Ravala, Esq.
CRISCIONE RAVALA, LLP
*Attorneys for Plaintiff*
250 Park Avenue, 7th Floor
New York, New York 10177
(212) 920-7142
Fax: (800) 583-1787
Email: SRavala@lawcrt.com

_____
Mark D. Wellman , Esq.
MARSHALL DENNEHEY, P.C.
*Attorneys for Defendant*
*Gina Conduit, individually, and MAINLINE DESIGN ASSOCIATES, LLC a Pennsylvania limited liability company*
Wall Street Plaza · 88 Pine Street – 21st Floor
New York, New York 10005
Tel: (212) 376-6400/Fax: (212) 376-6490
Email: mdwellman@mdwcg.com

For the avoidance of doubt, this confidentiality agreement does not bind the Court or any of its personnel.  In addition, the Court will retain jurisdiction over the terms and conditions of this agreement only for the pendency of this litigation.  The parties are directed to the Court's Individual Rules of Practice in Civil Cases for any redaction issues that may arise.  *See* Rule 9.

Dated:     November 17, 2023          SO ORDERED.
           New York, New York

                                      HON. KATHERINE POLK FAILLA
                                      UNITED STATES DISTRICT JUDGE

# EXHIBIT A

## Agreement

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled_____have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" are confidential by Order of the Court and as such, I have read and reviewed the Confidentiality Stipulation and Protective Order issued in this action. I hereby agree that I will comply with all of the applicable provisions thereto, and not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation, and to return all confidential information that comes into my possession to the counsel who retained or employed me. I also agree to submit to the jurisdiction of the United States District Court for the Southern District of New York for the purposes of enforcement of this stipulation.

Dated: _____, 20\_\_\_

_____           _____
Name (printed)                                                     Signature

Signed in the presence of:

_____
(Attorney)